Good morning, Your Honors. Jeff Tillery on behalf of Nature's Way and EPG, Environmental Protection Group. I was going to try to mention a few things that were not clearly stated in our briefs so as not to repeat what's contained in our briefs. After the Valdez, in the early 90s, Congress enacted OPA. The primary purpose of OPA, the main purpose of OPA was to designate a responsible party who would pay the claims of the innocent people and the cleanup costs. The theory of OPA was to avoid the fight. You would have one party designated by the Coast Guard to pay the damages of the innocent parties, such there wouldn't be a fight, and then that responsible party could go fight it out with those people he thinks are negligent. I would suggest to the Court that if the lower court's definition of operator under OPA stands, that the entire purpose of OPA will be frustrated for the following reasons. Each responsible party for a vessel from which oil is discharged is liable for the cleanup costs and the damages. Responsible party is defined as someone who owns, operates, or demise charters the vessel. The square question in this case, I believe, putting aside the procedural arguments that we have made regarding Skidmore and Chevron deference and all of that, the square question is whether the lower court and the NPFC properly determined that the tug, nature's way, was the operator of the barge she was pushing. That's the square question. Simply because the tug did have navigational control over the barges. We hit a bridge. We were partially at fault. Got to admit that. Clearly. In this case, the Coast Guard... What part were you not at fault for? I understand under maritime law that there is a presumption of negligence if I hit a bridge. I can't argue with you on that. Yeah, that just doesn't sound real un-negligent. It's not un-negligent. We were negligent. I admit. We were negligent. How is anybody else to have prevented y'all from running into that bridge? Understood. The facts in this case, which have not been decided because it's a summary judgment, will demonstrate that this accident was really caused by the fault of a third party, which was the government, for improperly placing a buoy, a navigational buoy, in the area. We have expert testimony that will be submitted at the trial later on, should I prevail on this issue, to demonstrate that... Because between you guys and the owner of the barge that was being pushed, there's not anybody else. So you always have the third party issue, regardless of whether you're held accountable only for your vessel or for the vessel you were pushing. That's always going to be true that you can say a third party caused this. The bridge shouldn't have been there, or whatever, or the buoy pushed us toward the bridge, or whatever your argument is. That's always going to be true. So I'm still having trouble with who the heck else is operating this thing when y'all are the ones pushing it. Okay. That's fair. The operator of the barge. First, let me back up, if I might, back up just for a second, Judge. If the operator is the one who is in navigational control of this vessel, okay, and I get the argument. That's the one in navigational control. Think about it, Your Honors. The harbor tugs, the three harbor tugs who push these huge tank oil tankers through the Houston ship channel, okay? They have a collision, oil spews from the Houston ship, this huge ship. And the Coast Guard decides to designate as the responsible party operator of this big, huge ship, the three harbor tugs. They don't have CERCLA enough wherewithal for the CERCLA liability. Absolutely not. That's right. But the Coast Guard would designate all three of them, theoretically, as an operator because they had navigational control over this big oil tanker. And you know what happened, Judge? Those three responsible party harbor tugs who don't have the financial responsibility, financial wherewithal, they would fight it out. Instead of just paying that one responsible party, instead of just paying, those three would fight it out. This is sort of an argument that the guy with the most money should pay, which is maybe superficially appealing to some, but not really how the law works. Well, can we talk about the text of the law, please? Yes, we can talk about the text. Responsible party for a vessel means a person owning, operating, or demise chartering the vessel. So the question is... But then operating is not defined, and that's what we... Operating is not defined, and you go, I guess, what you end up doing is going to the only case we got is the argument of the best foods decision, the Supreme Court under CERCLA. And that decision talks about two definitions of operate. Operate in the verb sense, and they talk about like operating a sewing machine. You can operate something if you're operating a sewing machine. That's sort of a verb. You're operating the sewing machine. The second part of the definition, the second part that the Supreme Court said applied to CERCLA, the second definition said, but operate in the organizational sense. And that's clearly what it means in the environmental context. To operate the business, to conduct the affairs of the business. Operate, according to the Supreme Court, means must manage, direct, and control the operations related to pollution. Manage, direct, and control operations related to pollution. Here, nature's way, my client just towed this barge from one spot to another. Why should we import that clause into this? Tell me why that's the correct way to interpret this text. Fair. There's no other cases directly on point. And I think the courts have indicated that similar, the language is almost the same in both CERCLA and OPA on the definitions. And I think the courts have said over the years you can look to both the statutes in similarly typed statutes for the definitions and their analogies. I think that's it. That's all I got to answer your question directly there, Judge. So is it your argument that even though you ran into the bridge, this should not have shed the oil, and that's why this company management argument makes sense? No. That's not my argument. I'm saying, we negligently, partially negligently, I hold into my other argument, put the oil into the water, no question about it. But the case law says the responsible party of the vessel from which the discharge happened is the responsible party. But it says owns or operates. So, yeah, the If you've made a barge that's very leaky, that's one set of circumstances. The operator, the guy pushing the barge, could take a very nicely secured barge, but you run it into a bridge and there's only so much anything that you build can withstand an impact, and it leaks the oil. So that's why it's owner or operator, right? Understood. And that's what happened here, Judge. The Coast Guard designated Third Coast Towing the owner of the barge as a responsible party and Nature's Way as a responsible party operator of the barge. So we've got two responsible parties. If Nature's Way had not stepped to the plate as a good citizen would do and paid all these cleanup costs, the Act would be frustrated because Nature's Way could have said, and maybe if I had represented them back then I would have said, tell them, hey, they named Third Coast as the responsible. Third Coast ought to pay that. And then you'd have three years of litigation between Third Coast and Nature's Way, and the Act would be frustrated. That's all I'm saying. You need one RP, Judge. One RP. Doesn't the Act contemplate owner or operator? It's owner, operator, or demise charterer, so there's an or. Owner? Yeah. Oh, sure. Owner or operator. Okay, so it's disjunctive. I'm sorry. The Act contemplates, if we're talking about the statute, it contemplates owner or operator. Okay, so what is wrong with that, with the notion that that could be two different entities? Could be. Could be. And here it is. It doesn't say owner and operator. That's what happened here. It says owner or operator, and above that 27 and 2 says each responsible party for a vessel, responsible party. It doesn't say responsible parties, and it does say owner or operator. But what they did here is they designated owner and operator, and we could have fought it out and frustrated the Act. That's my main point here, is that when they designated us both as responsible parties, Judge, when they designated us both as responsible parties. I mean, it seems like you're making an argument based on, like, who's the richest and who's the nicest and all. That just isn't how this works. No, no, no. We're here trying to construe a statute for, in our case, we'll then direct future courts dealing with this within the Fifth Circuit, and so we can't just say, well, y'all were nice, and therefore, you know, and you didn't cause too much litigation, so we'll go your way. That has to do with how statutory construction works. And they help you in an ultimate trial, but it doesn't help you here. That's fair. I would suggest to the Court that it should be considered by you as to what will happen in the future if this Court permits two responsible parties. If you permit them, like they did in this case, to designate an owner and an operator as a responsible party, the next Nature's Way and the next Third Coast, they hit a bridge. Instead of paying the innocent parties off right away and fighting among who's at fault, Nature's Way is going to say, ah, they said the Third Coast was it. Third Coast is going to say, no, it's Nature's Way. It frustrates the act. That's my only point. Not who's richest. Not who's the wealthiest. It's what is likely to happen. And I know you're thinking statutory construction, Judge, but if you read it, it says owner or operator. It doesn't say owner and operator. And that's the best I can give you. So your statutory argument is that there can be only one responsible party. You read the statute as saying there's only one when functionally speaking, there certainly could be more than one. Absolutely, Your Honor. There can only be one designated by the Coast Guard to pay the initial damages under the purpose of OPA. Then there are lots of responsible parties. The responsible party to pay the initial cleanup to cover the damages is the strictly liable one. It doesn't have to be negligent at all. That's why Third Coast in this case as the operator should have been designated. And they were along with Nature's Way. Then once Third Coast or the responsible party, the one responsible party pays, they go chase. They pay and chase. They go chase the negligent parties. Purpose of the act, pay the innocent parties first. That's it. Can you help us with whether or not we should afford Chevron deference here? We've been talking about the statute straight up and interpreting it straight up and we haven't talked about any deference at all. I think your opposing colleague is going to argue that we should defer. Perhaps I'm wrong on that, but I would assume that. Yes, Your Honor. Chevron deference, it's sort of discretionary with the Court of Appeals as to what to do. In a case of substantial deference, which is what Chevron is, so the jury verdict comes back only if it's clearly wrong, big time deference, you should only do that if there aren't some procedural flaws in what happened with the NPFC. And here we've argued all sorts of them, one of which is it was an informal proceeding. I didn't have the right to cross-examine anybody there at that hearing, nothing. They also admitted the Coast Guard report. We talked a lot about that being an inadmissible document and they had to consider it because it was in the administrative record. And also the argument that they were late. There were lots of equitable procedural defects that occurred with the NPFC that I would suggest to the Court you shouldn't give it substantial deference. So it's Chevron step zero, basically. We say that there's procedural irregularity in the way that it was done and so we don't get into whether the tech, we don't get into the, whether it's ambiguous and then whether it's, we don't even get to the ambiguity argument under Chevron. Because it's so procedurally irregular that there's no entitlement for deference. But there would be other types of deference that it would argue be appropriate. Skidmore deference is appropriate and what Skidmore I think says is you can look to it for guidance. And you can certainly look to this for guidance. But I submit to the Court with the little time I have left that whether you do Chevron or Skidmore deference, can't change the law. And what the NPFC did with respect to operators is wrong and frustrates the Act for the reasons I talked about. Well if the law says or and you're right, then at step one it's not, I mean it would be unambiguous and then we would not get to step two. So it would either be went on if that's what your position is I think. Because I don't think you actually have a two, well it's I don't think you're saying it's, they wouldn't win under two if we get to two. I'm not saying that. I have a minute if I might talk about deference for a minute. I think the purpose of giving deference to the agencies over the years has been the agencies fights this battle every day. The agency, the Coast Guard, the members of the Coast Guard are involved in this every day. They know what the industry means by operator. They know what the industry means by these terms. This is all, they know, this is all new. Nobody's ever really made this decision. This is definition of operator, OPA is somewhat new and what not. So this is not a historically expertise of the Coast Guard and the agency with respect to what they have done over the years. So I would submit you shouldn't give a Chevron deference for that reason. And I would be happy to submit the case. Thank you. We have your argument. Yes. Thank you, Your Honor. Good morning, Your Honor. Jennifer Utrecht on behalf of the United States Government. May it please the Court. Your Honor, this case presents a simple legal question whether Nature's Way, which was pushing the barge at the time of the accident was the operator within the meaning of the statute. And the plain and simple answer to that question under any ordinary understanding of the term operator is yes. Is there only one responsible party? No, Your Honor. If you look to the text of 2702A it specifically says that each responsible party under the statute is strictly liable. It is joint and several liability for every single owner operator or demise charterer of a vessel at the time of the accident. So if the Coast Guard determined that Nature's Way was the operator and the other entity was the owner could hold them both accountable and then if one of them steps up to the plate and pays the whole thing, then they go and they seek contribution from the other guy. Yes, Your Honor. That's how that works. There's nothing weird about that. There's nothing weird about that. In fact, that's exactly what happened. And are by definition owners of tug companies somehow poorer than owners of vessels? I mean, we had that discussion about the big ship and the three little tugs. I don't know that the company has any more or less money because the tug is small and the ship is big. I could not answer as a general matter that question, Your Honor, but I think that... Does that matter? I mean, it may matter practically in a particular case. If somebody doesn't have any money, they may not pay. But does it matter to the analysis of the statute? To the operator or demise charter, you are a responsible party. You are strictly liable and it does not matter how much money you have up front at the time. And in fact, the certificates of financial responsibility are merely one way in which a tugboat or any other boat could protect themselves from potentially being liable for such an oil spill cleanup. All boats have P&I insurance. In a contract such as this one, where a boat is a much larger vessel, it can ask to indemnify itself through the contract. It can ask to be added as a party to the certificate of financial responsibility guarantee during the course of this. So is that the answer to the insurance problem posed by nature's way, which is when I'm getting the insurance in advance, I don't know the weight of all the barges I might be pushing around, and so it's going to be kind of hard to get the insurance. You're saying deal with it on the contract with the barge owner. That's exactly right. This is a matter that has to be worked out between the owner and the operator and their insurance. They can both be liable and the contracts between them have to parcel it out. And they're wonderful insurance carriers and they're lawyers. It's a feeding frenzy. That's actually what happened in this case is that nature's way was able to pay for the cleanup in advance because it had additional insurance that was able to handle this up front cost. The Coast Guard designated both third coast and nature's way as responsible parties. And if you look through the record, you can see various correspondence between third coast and the Coast Guard saying nature's way has assumed responsibility. Please let us know if they're doing anything wrong. We want to protect our own interests. I think we've covered this. We just need to get if you tell us how we can write an opinion defining the term in the way that the government wishes us to do so. That's what we have to do. We're not going to be dealing with any of those issues. I believe that the best foods opinion is actually illustrative of how these decisions should be made. Best foods endorses an ordinary understanding of the term operate. The discussion in best foods was primarily about whether you could hold a parent corporation liable. But best foods specifically says that anyone who directs, manages, or conducts operations related to the pollution is an operator. And here, tugboats who are directing the navigation of these barges, which was the exact thing that was related to the pollution, they are operators when they cause the accident based on their decisions about that navigation. Okay, and then we don't have to get into whether there would be any Chevron step zero, whether there's procedural regularity, and any deference whatsoever. We believe that whether it is Chevron, Skidmore, or DeNovo review, that is the correct understanding of the term operator in nature's way. So we can just avoid all of that? Correct, Your Honor. I would note that in Buffalo Marine, this court decided that Chevron deference is applicable to NPFC proceedings, even though they are informal. But we're not dealing with just the informality. We're dealing with several. The timing and the use of documents that are explicitly not supposed to be used. It's got some issues if you go that route. I do not believe that any of those things that Your Honor has noted are actually issues in this case. However, you are correct that you do not need to address them, because even under DeNovo review... You don't think that they use documents that you're not supposed to use? Your Honor, I believe that... The report? Even if this was, that alleged procedural deficiency would not have prejudiced the actual legal analysis of this case. Did it occur? Did it occur? Your Honor, I do not believe so. Under the notice of interpretation issued by the Coast Guard, these investigative reports can be used in this case. Okay, so while Buffalo Marine says they can, we don't have to do that here. You do not have to do that to resolve this case. We can just do straight up statutory interpretation, not even with skidmore deference. Even under DeNovo review, the United States should not. Okay, I want to understand the next case if we went your way. Let's say we had a tugboat and a barge, but in this case the barge was improperly constructed in such a way that it could not withstand even slight brushing up against something and it just explodes when it touches anything. And so the operator brushes by, not rams into a bridge, but brushes by a bridge and the thing explodes. How would that work? Your Honor, that obviously presents a more difficult question. I would direct you to, I believe it's one of the footnotes in our brief that says that tugboats do have to be assured of various cargo storage before they actually are pushing barges. So they do have, in that sense, some requirements to ensure that that is the case, that these things are being properly stored. I think what would happen is the NPFC would look to determine whether those decisions were made at all or whether there was sort of those things held by tugboats. But at the outset, wouldn't the Coast Guard do the exact same thing it did here, designate the operator and the owner as responsible parties? Yes. But nature's way in my hypo might not step in and might say, no, man, you lied to us, you gave us this ridiculous barge, yadda yadda. Yes. But that would be consistent with the statute, too, because you can make those claims and work that out and the Coast Guard can say, well, you guys are jointly and severally liable, and then they sort out among themselves this issue of, well, third coast in my hypo lied, etc. Either under a suit for contribution or under Admiralty jurisdiction, these things would be worked out on the back end, but in the front end... But it wouldn't change the statutory construction, the fact that really it wasn't ultimately the negligence of nature's way in my hypo, it was the fraud and misconstruction of third coast in my hypo, not in this case, that caused the harm. Correct, Your Honor, because responsible parties, owners and operators are strictly liable. Negligence is not the question. Okay. Do you have anything else? If there are no further questions, I will rest my time. We ask that you affirm the district court decision. Thank you very much. Okay. I am sorry, Your Honor. Oh, this happens. It's okay. Just leave it be. We'll be okay. Spilled a little water. Three points, very quick points. In your hypo, Judge Haynes, I just would like to point out that the negligence of the barge owner in having a thin skull barge, so to speak, is not even relevant at all because it's strict liability for the barge. So in your hypo, yes, they could have designated... But it would matter between them. It's all that matters. But it would come out the same way. Oh, no. I mean, it would come out the same way in terms of the Coast Guard designating both responsible. The ultimate result might be different in terms of who actually pays the money. Exactly. But what would come out the same way might come out differently in the next case. As you suggested, in your hypothetical case, what might happen in the next case if you construe operator as the way the government wants you to do is Nature's Way might not step up and barge might not step up because they're both designated as a responsible part. That's the problem. No, it isn't. It frustrates the act. No, it isn't. It's a feeding frenzy. The lawyers then all get, you know, and they have at it. Absolutely. It all gets worked out. It works out over the years. But when you say the step up, can there not be... If they're jointly and severally, can't the Coast Guard force one of them to step up? Years of litigation, sure. Yes. Through years of litigation. The point is... But isn't that always true? No. You designate one RP, judge... And that guy doesn't pay, then what do you have to do? File litigation. When people don't do what they're supposed to do, what happens? They get sued. This is what keeps us all in business. I understand that. But what you're doing is increasing the chances, I guess is a better way of saying it, that there will be a fight. If I'm the only designated RP and I know it's somebody else's fault, the law says I'm the only designated RP, whether the Coast Guard is right or wrong or whatever, I gotta pay. I pay it, then I go chase. It's easier for me to come in and say, well, you designated somebody else as the RP. That's all. It's just a lot easier for me to come in and say, you designated somebody else as the RP, so I'm not paying. Let's have years of litigation. So what's your answer to the citation to each responsible party, which would seem to imply there's more than one or can be more than one? Each responsible party, and it says over a particular vessel from which the oil is discharged. So I would submit to you that the construction of that is each responsible party from which the oil is discharged is one party. Is either or. The operator, owner, or demise charter. Not the owner and operator like happened exactly in this case. The point of OPA is Coast Guard designates me, I pay. Coast Guard designates three or four people, nobody pays, you have years of litigation. Thank you. I submit the case. Thank you, Judge.